**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**ODESSA-MIDLAND DIVISION**

| | |
|---|---|
| **Kelly Thomas** | |
| *Plaintiff,* | Case No.  7:22-cv-00047 |
| v. | |
| **Zenith Solar LLC** | Complaint and Demand for Jury Trial |
| *Defendant.* | |

## COMPLAINT

    **Plaintiff, Kelly Thomas** (hereinafter referred to as "Ms. Thomas" or "Plaintiff"), by and through herattorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Zenith Solar LLC** (hereinafter referred to as "Zenith" or "Defendant"):

## Introduction

    1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

    2.    In 1991, President George H.W. Bush signed into law the TCPA, which was passed in a bi-partisan manner, to protect consumers' privacy rights; specifically, the right to be left alone from unwanted telemarketing calls.

    3.    A leading sponsor of the TCPA described telemarketing "robocalls" the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

    4.    The TCPA, through the accompanying Code of Federal Regulations, 47 C.F.R. § 64.1200 *et seq*., affords special protections for people who registered their phone numbers on the National Do Not Call Registry.

5.      Where a consumer's phone number is registered on the Do Not Call registry, the TCPA requires that telemarketers provide clear and conspicuous notice to the consumer that it will be making telemarketing calls for solicitation or advertising purposes, and requires that the consumer provide express written consent.

6.      Section 227(c)(5) of the TCPA provides that each person who receives more than one call within a 12-month period on their phone, where that person did not provide express written consent upon a clear and conspicuous disclosure from the telemarketer, after the phone number was registered on the National Do Not Call Registry for more than 31 days is entitled to recover a penalty of $500 per call, and up to $1,500 per call if the TCPA is willfully or knowingly violated.

7.      Plaintiff seeks to exercise her rights under the TCPA against Zenith Solar, LLC for unlawful robocalls which were made for telemarketing purposes without prior express written consent.

## The Parties

8.      Plaintiff Kelly Thomas is an adult citizen, who at all times relevant to this Complaint, resided in Katy, Texas 77494.

9.      Defendant Zenith Solar, LLC is a solar energy company with a primary office located at 7008 Four Sixes Ranch Rd., Odessa, Texas 79765.

10.     Upon information and belief, Zenith employs a registered agent at 7008 Four Sixes Ranch Rd., Odessa, Texas 79765.

11.     At all times relevant hereto, Zenith operated through its employs, agents, representatives and vendors.

**Jurisdiction and Venue**

12.     This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

13.     This Court has personal jurisdiction over Defendant, as it conducts business in the State of Texas.

14.     Defendant Zenith is headquartered or has a primary office in Odessa, Texas, which is within this District.

15.     A substantial percentage of the occurrences and events which underlie this lawsuit occurred within this District.

16.     Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

**Statement of Relevant Facts**

17.     At all times relevant to this Complaint, Plaintiff Kelly Thomas owned a cell phone, the number for which was (832) XXX-4244

18.     Ms. Thomas used that cell phone primarily for residential purposes.

19.     Ms. Thomas registered her cell phone number on the National Do Not Call Registry in or around July 2008.

20.     Ms. Thomas registered her cell phone number on the National Do Not Call Registry to obtain solitude from unwanted and invasive telemarketing calls.

21.     Zenith is a solar energy company.

3

22.     At no time did Plaintiff give consent or permission to Zenith to call or text her cell phone to solicit solar energy panels.

23.     Furthermore, at no time did Plaintiff express interest in solar energy panels or services.

24.     On several occasions, Plaintiff inquired as to who was calling and the calling party responded it was "Perfect Home Solar" calling on behalf of "Zenith Solar".

25.     Zenith's agents repeatedly attempt to sell Plaintiff solar panels, which she did not want.

26.     Ms. Thomas repeatedly told Zenith's agents to stop calling.

27.     Plaintiff's clear instructions were to no avail, as Defendant and its agents continued to place calls and texts to

28.     Plaintiff could not locate an organization by the name of "Perfect Home Solar." Accordingly, it is believed that "Perfect Home Solar" is either a d/b/a or alias of Zenith, a subsidiary of Zenith, or an agent of Zenith.

29.     Plaintiff received solicitation calls from Zenith (by and through its agents and representatives) on instances including but not limited to the following

| Date and Time | Number Reflected on Caller ID |
|---|---|
| 11/19/2020 at 10:36 am CST | (832) 59304167 |
| 11/24/2020 at 12:43 pm CST | (620) 583-4833 |
| 11/25/2020 at 9:23 am CST | (832) 517-2084 |
| 11/30/2020 at 3:46 pm CST | (432) 300-4566 |
| 11/30/2020 at 3:02 pm CST | (432) 300-4566 |
| 12/01/2020 at 11:46 am CST | (432) 300-4566 |
| 12/01/2020 at 3:45 pm CST | (432) 300-4566 |
| 12/01/2020 at 10:43 am CST | (832) 503 1143 |
| 12/04/2020 at 9:15 am CST | (432) 300-4566 |

30.     Upon information and belief, Ms. Thomas received additional calls to her cell phone from Defendant not included in the list above.

31.     Plaintiff also received unwanted text messages from Zenith on the following instances:

| Date and time | Number Reflected on Caller ID |
|---|---|
| 12/01/2020 at 11:55 am CST | (432) 300-4566 |
| 01/21/2021 at 10:35 am CST | (432) 300-4566 |

32.     Each of the calls and texts at issue were "telemarketing" communications attempting to solicit goods and services from Plaintiff.

33.     To the extent Zenith directly placed the calls and texts at issue, Zenith would be directly liable for those calls and texts.

34.     If Zenith outsourced those calls to a third-party agency, Zenith would be vicariously liable for those calls.

35.     As a result of Defendant's persistent and intrusive calls and texts, Plaintiff was annoyed, irritated, upset and experienced a sense that her privacy was violated by Defendant as a result of receiving the numerous phone calls and texts when she told Defendant to stop calling and her number had long been registered on the National Do Not Call Registry.

36.     The foregoing acts and omissions were in violation of the TCPA.

### COUNT I
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(c)(5)

37.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

38.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

39.     Defendant called and texted Plaintiff's cell phone for solicitation purposes despite the fact that her number has been registered on the Do Not Call Registry since 2008.

40.     The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one solicitation call on their phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

41.     The TCPA defines a "telephone solicitation" as a "call or message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." 47 U.S.C. §227(a)(4).

42.     The Federal Communications Commission's regulations implementing the TCPA provide that telephone solicitations cannot be made to a recipient without the recipient's "prior express written consent." *See* FCC 12-21, CG Docket 02-278 (effective October 16, 2013); 47 C.F.R § 64.1200(a)(2).

43.     The penalty for each call made in violation of the TCPA's restrictions on placing telemarketing calls to numbers registered on the National Do Not Call Registry is $500.00 per violation and up to $1,500.00 per violation if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

44.     In addition, the TCPA allows the Court to enjoin Defendant's violations of the TCPA's regulations prohibiting calls to phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

45.     By calling the Plaintiff's cell phone after her telephone number was registered on the National Do Not Call Registry, Defendant violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

46.     Defendant knew or should have known that Ms. Thomas' telephone number was registered on the Do Not Call Registry.

47.     Plaintiff is entitled to damages of $500.00 per violation for each call placed and up to $1,500.00 per violation if the Court finds that Defendant willfully violated the TCPA.

**COUNT II**
**DEFENDANT VIOLATED § 302.101 OF**
**THE TEXAS BUSINESS & COMMERICAL CODE**

48.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

49.     §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

50.     Defendant was not registered as a telephone solicitor with the Texas Secretary of State during the time it placed solicitation calls to Plaintiff.

51.     Defendant violated § 302.101 of the Texas Business & Commercial Code when its representatives engaged in continuous and repetitive telephone solicitation of Plaintiff without obtaining a registration certificate from the Office of the Secretary of State.

52.     §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all

reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff Kelly Thomas**,** respectfully prays for judgment as follows:

a.  All actual damages suffered (as provided under 47 U.S.C. § 227(c);

b.  Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(B));

c.  Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C);

d.  Declaratory relief pursuant to 227(c)(5)

e.  Statutory damages of $5,000 per violation (as provided under §302.302(a) of the Texas Business & Commerce Code);

f.  All reasonable attorneys' fees, witness fees, court costs and other litigation     costs incurred by Plaintiff pursuant to §302.302(a) of the Texas Business & Commerce Code; and

g.  Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, Kelly Thomas**,** demands a jury trial in this case.

8

Respectfully submitted,

Dated: March 2, 2022

By: _/s/ Jacob U. Ginsburg_
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: jginsburg@creditlaw.com