# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| KELLY THOMAS, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | MO:22-CV-00047-DC-RCG |
| | § | |
| ZENITH SOLAR, LLC, | § | |
|     *Defendant.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Kelly Thomas's Motion for Default Judgment. (Doc. 10). This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 10).

### I. BACKGROUND

Plaintiff Kelly Thomas ("Plaintiff") filed her Original Complaint against Zenith Solar, LLC, ("Zenith Solar") in this Court on March 3, 2022. (Doc. 1). This suit arises out of Zenith Solar sending Plaintiff unwanted telemarketing calls and text messages despite her registration on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq. Id.* at 5–6. Plaintiff also brings a claim against Zenith Solar under the Texas Business & Commerce Code on the grounds that Zenith Solar "was not registered as a telephone solicitor with the Texas Secretary of State during the time it placed solicitation calls to Plaintiff." *Id.* at 7.

Plaintiff alleges that she registered her cell phone number on the National Do Not Call Registry on or about July 2008. *Id.* at 3; (Doc. 10-2). Plaintiff avers that she uses her cell phone "primarily for residential purposes." Further, "[a]t no time did Plaintiff give consent or permission to Zenith Solar to call or text her cell phone to solicit solar energy panels" nor did Plaintiff "express interest in solar energy panels or services." (Doc. 1 at 4). Despite this Plaintiff received calls from a party that identified itself as "Perfect Home Solar" calling on behalf of "Zenith Solar."[1] *Id.* at 4. Plaintiff maintains that Zenith Solar's agents "repeatedly" attempted to sell her solar panels, disregarding Plaintiff repeatedly telling Zenith Solar's agents to stop calling. *Id.*

Plaintiff provides cell phone records showing she received eleven telemarketing communications (nine calls and two texts) from Zenith Solar (by and through its agents and representatives) between November 2020 and January 2021. (Docs. 1 at 4–5; 10 at 2; 10-3). Plaintiff avers that each of the calls and texts were " 'telemarketing' communications attempting to solicit goods and services from Plaintiff." (Doc. 1 at 5). Plaintiff alleges that as a result of Zenith Solar's "persistent and intrusive calls and texts, Plaintiff was annoyed, irritated, upset and experienced a sense that her privacy was violated by [Zenith Solar]." *Id.*

Zenith Solar was served on March 8, 2022 by process server Shawn DeWitt. (Doc. 4). Zenith Solar then failed to file a responsive pleading by the deadline, which prompted the Court to send a Show Cause Order requiring Zenith Solar to file an answer on or before June 3, 2022. (Doc. 5). To date Zenith Solar has failed to answer Plaintiff's Complaint or otherwise make an appearance in this lawsuit. On June 2, 2022, Plaintiff filed a Motion for Clerk's Entry of Default.

---

[1] Plaintiff alleges that she "could not locate an organization by the name of "Perfect Home Solar' " and thus believes " 'Perfect Home Solar' is either a d/b/a or alias of Zenith, a subsidiary of Zenith, or an agent of Zenith." (Doc. 1 at 4).

(Doc. 7). On June 6, 2022, the Clerk of Court made an entry of default against Defendant. (Doc. 8). On June 15, 2022, Plaintiff filed her Motion for Default Judgment. (Doc. 10).

By her Motion, Plaintiff seeks a default judgment against Zenith Solar for the mandated statutory damages under the TCPA and Texas Business & Commerce Code for each of the eleven telemarketing communications she received. (Doc. 10 at 3–4). Plaintiff seeks an award of: (1) $16,500.00 for Zenith Solar's eleven willful violations of the TCPA; and (2) $55,000.00 under the Texas Business and Commerce Code for Zenith Solar's eleven telemarketing communications, for a total damages award of $71,500.00. (Doc. 10 at 3–4).[2]

A hearing was held on the instant Motion for Default Judgment on June 20, 2022 at 1:30 p.m. (Doc. 11). Accordingly, this matter is now ready for disposition.

## II. LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. Fed. R. Civ. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384

---

[2] Plaintiff's Motion for Default Judgment does not seek attorney's fees, and Plaintiff confirmed at the June 20, 2022 Default Judgment Hearing that she is not seeking an attorney's fees award.

3

(W.D. Tex. 2008). First, the Court considers whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, the court assesses the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Third, the court determines what form of relief, if any, the plaintiff should receive in the case. *Id*; *1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III. DISCUSSION

Applying the three-part analysis detailed above, the undersigned finds Plaintiff is entitled to a default judgment against Zenith Solar.

*a. Default Judgment is Procedurally Warranted*

In light of the six *Lindsey* factors enumerated above, the undersigned finds that default judgment is procedurally warranted. First, Zenith Solar has not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*,

161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Zenith Solar's total failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the past year Zenith Solar has not responded to the summons and complaint, a show cause order, the entry of default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding that default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating that Zenith Solar's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Zenith Solar has had almost four months to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Zenith Solar's inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Zenith Solar. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds that default judgment is procedurally warranted under these circumstances.

b. *Default Judgment is Substantively Warranted*

1. **Plaintiff's TCPA Claim**

The TCPA provides a private right of action to:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation

> of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> . . .
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater.

47 U.S.C. § 227(c)(5)(B). Here, Plaintiff alleges that Zenith Solar violated § 227(c)(3)(F) by making or transmitting a "telephone solicitation" to a person (Plaintiff) who is a subscriber to the National Do Not Call Registry. The TCPA defines a "telephone solicitation" as a "call of message for the purpose of encouraging the purchase of goods, or services which is transmitted to any person." § 227(a)(4). Additionally, § 227(c)(5) also allows the court, in its discretion to increase the of amount of the award per violation to not more than $1,500 per violation if the court "finds that the defendant willfully or knowingly violated the regulations."

Plaintiff has established that she has been registered on the National Do Not Call Registry since July 2008 and that Zenith Solar violated § 227(c)(3)(F) by making eleven telephone solicitations to her between November 2020 and January 2021. (Doc. 1 at 6–7). Further, Plaintiff maintains Zenith Solar's violation was willful, since it "knew or should have known that [Plaintiff's] telephone number was registered on the Do Not Call Registry." *Id*. at 7. Thus, Plaintiff alleges she is owed $1,500 for each of the eleven telephone solicitations by Zenith Solar. *Id*.

The claims Plaintiff makes in the Complaint, Motion for Default Judgment, and exhibits attached to the Motion for Default Judgment states a claim for violations of the TCPA.

   2. **Plaintiff's Texas Business & Commerce Claim**

Next is Plaintiff's claim under § 302.101 of the Texas Business & Commerce Code, which prohibits sellers from engaging in telephone solicitation from a location in Texas or to a

purchaser in Texas unless the seller obtains a registration certificate from the Texas Secretary of State's Office. TEX. BUS. & COM. CODE § 302.101. Section 302.302(a) provides that "[a] person who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." In her Complaint, Plaintiff adequately alleges that Zenith Solar violated § 302.101. Therefore, a default judgment is substantively warranted for both of Plaintiff's claims.

c.  *Plaintiff's Right to Relief*

As previously stated, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp.*, 605 F.2d at 857. On July 20, 2022, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing covering the issue of damages. (*See* Doc. 11). Additionally, Plaintiffs provided a damage calculation in her Motion for Default Judgment. (Doc. 10 at 3–4). Plaintiff also provides case law explaining that a plaintiff may recover damages under both the TCPA and the Texas Business and Commerce Code. *See Thompson v. Dealer Renewal Servs.*, No. 4:21-cv-0467-P, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (Awarding damages for defendant's violations of both the TCPA and § 302.101 of the Texas Business and Commerce Code).

Here, Plaintiff's Complaint alleges statutory damages that are readily calculable, and Plaintiff also provides such calculations in her Motion for Default Judgment. (Doc. 10 at 4). Plaintiff claims $16,500.00 under the TCPA, which she arrives at by multiplying the number of Zenith Solar's statutory violations by the statutorily permitted damages per violation. Under the TCPA that is $1,500.00 per violation times eleven, which equals $16,500.00. Next, Plaintiff claims $55,000.00 under the Texas Business and Commerce Code, which she arrives at via the same calculation as above. Thus, the Texas Business and Commerce Code allows $5,000.00 per

violation times eleven, equaling $55,000.00. Accordingly, Plaintiff should be awarded $71,500.00 in total damages.

### IV. CONCLUSION AND RECOMMENDATION

For the aforementioned reasons, it is **RECOMMENDED** that Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 10).

It is also **RECOMMENDED** that a final judgment be entered against Defendant Zenith Solar in a total amount of $71,500.00.

SIGNED this 1st day of August, 2022.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).